IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ERIC L. NELSON,

    Plaintiff,                                            ORDER

    v.                                                   22-cv-291-wmc

ALLY FINANCIAL, INC., and
DOES 1-10,

    Defendants.
_____

Plaintiff Eric L. Nelson has filed a complaint seeking relief and damages from a state court foreclosure action and has paid the filing fee. Because it appears that plaintiff is complaining of injuries caused by a state court judgment, which this court generally lacks the power to review under the *Rooker-Feldman* doctrine, the court will review the complaint for potential jurisdictional issues. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (lower federal court jurisdiction is essentially precluded "over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations."). The clerk of court is directed not to issue summons until the court enters an order confirming that subject matter jurisdiction exists. Plaintiff also seeks to enjoin the scheduled Sheriff's Sale of his property on the ground that the foreclosure action was invalid. (Dkt. #2.) However, as noted, this court generally lacks the power to review a state court foreclosure judgment. *See Mack v. American Nat. Bank of Beaver Dam*, No. 10-cv-557-slc, 2010 WL 4365526, at *3 (W.D. Wis. Oct. 27, 2010) (denying temporary

1

restraining order seeking to enjoin defendants from proceeding with a foreclosure sale under *Rooker-Feldman*). Moreover, a federal court must abstain from enjoining execution of a state court judgment or to interrupt ongoing state proceedings implicating important state interests. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."). Accordingly,

ORDER

IT IS ORDERED THAT plaintiff's motion (dkt. #2) is DENIED.

Entered this 25th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge